UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAYTON PULMONARY REHABILITATION CENTER, INC., *et al.*, | : | Case No. 3:10-cv-128 |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| MERIDIAN HEALTH CARE GROUP INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on September 22, 2011 at 10:30 a.m. pursuant to Rule 16, Federal Rules of Civil Procedure.

**I.    APPEARANCES:**

For Plaintiff(s): Michael P. McNamee and Gregory B. O'Connor

For Defendant, Meridian: Timothy J. Boone

For Defendant, PulmoRehab LLC: Mark C. Melko

**II.    NATURE OF ACTION AND JURISDICTION:**

A. This is an action for breach of contract and other related causes of action.

B. The jurisdiction of the Court is invoked under 28 U.S.C., §§ 1332, 1441, & 1446.

C. The subject matter jurisdiction of the Court is not disputed.

**III.    TRIAL INFORMATION:**

A. The estimated length of trial is 3-4 days.

B. Trial to the bench has been set for October 3, 2011.

## IV.   AGREED STATEMENTS AND LISTS:

A. General Nature of the Claims of the Parties:

(1) <u>PLAINTIFF CLAIMS</u>:

Plaintiff asserts in Count 1 a right of recovery for breach of contract as follows: $13,972.50 against Meridian for unpaid rent at two office locations.

Plaintiff asserts in Count 2 a right of recovery for breach of contract as follows: against PulmoRehab for its demands for sums now owed under the Pulmonary Services Agreement.

Plaintiff asserts in Count 3 a right of recovery for promissory estoppel as follows: against Meridian for any amounts DPRC may owe to PulmoRehab in this lawsuit, as a result of Meridian's misrepresentations of to DPRC.

Plaintiff asserts in Count 4 a right of recovery for declaratory judgment as follows:  against Meridian and PulmoRehab for a declaration that DPRC is not liable under any agreement for more than 70% of the net collections.

(2) <u>DEFENDANT PulmoRehab's CLAIMS</u>:

Defendant PulmoRehab denies liability as asserted in the Complaint and asserts in its Counterclaim that Plaintiffs breached the PSAs and also asserts causes of action for action on account, unjust enrichment, attorney's fees, and conversion liability.

Defendant PulmoRehab as affirmative defenses asserts the parol evidence rule, waiver, payment, estoppel, and failure to mitigate.

(3) <u>DEFENDANT Meridian's CLAIMS</u>:

Defendant Meridian sold, conveyed, transferred and assigned certain business assets and related PSA contracts and underlying duties and responsibilities to Defendant PulmoRehab effective December 16, 2008.  Therefore, to the extent that any services were not provided by PulmoRehab after that date, Meridian is not responsible nor liable.  To the extent that money was not paid by Plaintiff DPRC for services performed after that date, Meridian has no claim to those funds.

Defendant Meridian denies liability for the claims asserted in the Complaint

Also, Meridian claims that Plaintiff DPRC failed to pay Meridian $13,748.26 under the terms of the 2008 PSA, and that Meridian is entitled to an accounting for payments received by Plaintiff DPRC under the 2004 PSA and is entitled to a court order requiring Plaintiff DPRC to pay the amounts due to Meridian based on this accounting.

Furthermore, as it relates to the lease agreements with the Plaintiff GYP Holdings, LLC, Meridian not only asserts it owes no money under the lease agreements, but also Meridian claims it has overpaid the rent in the amount of $18,600 and is entitled to return of these funds.

Lastly, if Meridian prevails on its contract claims under either the 2004 or 2008 PSA it is entitled to attorney fees and costs incurred in this matter, currently amounting to in excess of $20,000.

B. Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel:

1.    On January 20, 2004, DPRC and Meridian entered into a Pulmonary Services Agreement.

2.    GYP Holdings, LLC entered into a lease agreement with Meridian, whereby Meridian was to pay $1,290.00 per month in rent to GYP for office space.

C. Issues of Fact and Law

(1) CONTESTED ISSUES OF FACT:

The contested issues of fact remaining for decision are:

Plaintiffs:

1. The terms of the Pulmonary Services Agreement dated October 1, 2008.

2. The amounts collected for services performed by Meridian from October 1, 2008, forward.

3. The amounts billed for services performed by Meridian from October 1, 2008, forward.

4. The amounts paid and/or owed for rent by Meridian for office space leased from DPRC.

Defendant, PulmoRehab:

1. Whether Plaintiff permitted Defendant to terminate the lease early.

2. What, if anything, is owed under the lease.

3. Which 2008 PSAs Dr. Patel executed.

4. The terms of the applicable contracts.

5. How much is owed under the contracts.

Defendant, Meridian Healthcare Group:

1. Did Meridian overpay GYP Holdings, LLC for Rent and if so in what amount?

2. Did DPRC fail to pay Meridian the full amount owed under either, or both, the 2008 or 2004 PSA contracts, and if so how much does DPRC owe Meridian?

(2) CONTESTED ISSUES OF LAW:

The contested issues of law in addition to those implicit in the foregoing issues of fact, are:

By Plaintiffs:

1. Whether the 2004 PSA or the 2008 PSA is the enforceable agreement between the parties.

2. If the 2008 PSA is enforceable, which terms of the 2008 PSA are enforceable.

3. Depending on the enforceable compensation structure, the amounts owed by DPRC for services performed by Meridian from October 1, 2008, forward.

    4. The amount of rent owed by Meridian under the lease agreements between GYP and Meridian.

By Defendant, PulmoRehab:

    1. Whether Plaintiffs' claims are barred by the parol evidence rule

D. Witnesses

Suggested Language:

(1)    Plaintiff will call or will have available for testimony at trial the following witnesses:

    1. Dr. Anuj Goyal

    2. Dr. Rajesh Patel

    3. Dr. Thomas Yunger

    4. Nat Loganathan – Defendant PulmoRehab objects to this witness

    5. Tom Futch

    6. Connie Hurt

(2)    Defendant PulmoRehab, LLC will call or will have available for testimony at trial the following witnesses:

    1. Stacy Murphy who will testify generally about the contracts, services provided by PulmoRehab and amounts owed to PulmoRehab, LLC.

(3)    Defendant Meridian will call or will have available for testimony at trial the following witnesses:

    1. Thomas Futch

The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

E. Expert Witnesses - None

F. Exhibits

Pursuant to Court order, the parties exchanged exhibits on September 21, 2011. The parties will provide the Court with 2 copies of the exhibits on or before **September 28, 2011**.

G. Depositions

Suggested Language: Defendant, PulmoRehab reserves the right to offer testimony of the following witnesses by deposition: Dr. Goyal, Dr. Patel, Connie Hurt, Tom Futch, Stacey Murphy.

Plaintiff reserves the right to offer the testimony of the following witnesses by deposition: Connie Hurt and Tom Futch.

H. Discovery

Suggested Language: Discovery has been completed.

I. Pending Motions

There are no motions are pending at this time.

## V.   MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

## VI.   SETTLEMENT EFFORTS

The parties have made a good faith effort to negotiate a settlement.

**IT IS SO ORDERED.**

Date: 9/26/11

Timothy S. Black
United States District Judge